NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000063
07-AUG-2012
09:46 AM**

NO. CAAP-12-0000063

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL PERRONE, Plaintiff-Appellee, v.
GENBAO GAO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1154)

ORDER DISMISSING APPEAL NO. CAAP-12-0000063
FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Defendant/Counterlaim-Plaintiff/Appellant Genbao Gao's (Appellant Gao) appeal from the Honorable Rom A. Trader's January 3, 2012 judgment, because the January 3, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments,

orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does

not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

Although the parties asserted multiple claims through Plaintiff/Counterclaim-Defendant/Appellee Paul Perrone's (Appellee Perrone) complaint and Appellant Gao's counterclaim, the January 3, 2012 judgment enters judgment only as to Appellee Perrone's claim of defamation. The January 3, 2012 judgment, on its face, neither resolves Appellant Gao's counterclaim nor contains an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Therefore, the January 3, 2012 judgment does not satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. Absent an appealable judgment, the appeal in Appeal No. CAAP-12-0000063 is premature and we lack appellate jurisdiction over Appeal No. CAAP-12-0000063. Accordingly,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000063 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, August 7, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-